## LOYD v. THE STATE.

BLECKLEY, C. J.—1. Counsel for the State having conceded that, because of a former conviction, no offense committed previous to a certain date was involved in the case on trial, and having afterwards in his argument to the jury suggested a construction of the former conviction inconsistent with this concession, it was enough for the presiding judge, when his attention was called to the matter by opposing counsel, to say in the hearing of the jury that the conceded date would govern, and afterwards so instruct the jury in his general charge. Thus treating the impropriety was all that was necessary to render it harmless.

2. The evidence warranted the verdict, and there was no error in denying a new trial.        *Judgment affirmed.*

October 22, 1894.

Accusation of gaming. Before Judge WESTMORELAND. Criminal court of Atlanta. September term, 1894.

On August 6, 1894, an accusation was sworn out, charging the defendant with the offense of gaming as

having been committed on June 16, 1894. He pleaded
not guilty, and also entered a special plea of former con-
viction. By this special plea he showed that on Jan-
uary 25, 1894, he had been indicted in Fulton superior
court for the offense of gaming, the day charged in the
indictment being October 16, 1893; and that on Feb-
ruary 5, 1894, he entered a plea of guilty on this indict-
ment. The State's solicitor conceded that the matters
thus set up by the special plea were true, and that the
plea of guilty covered all offenses of gaming prior to
January 25, 1892; and stated that the evidence would
be confined to periods since that date. The testimony
for the State showed that the defendant played and bet
for money at the game of poker, on the 26th and 27th
days of March, 1894, with Hawes and four others. The
testimony for the defendant was to the effect, that said
playing was in the early part of January. Defendant
stated to the jury, that on February 5th, knowing he had
gamed on two occasions within two years, he pleaded
guilty to the indictment of January 25th; that "one of
the occasions referred to, which he had in his mind and
for which he supposed he was indicted, was the game of
poker with Hawes and others, which is the only game
he has played with Hawes"; that "the games with
Hawes, and about which Hawes testified, occurred prior
to the date of the indictment; that when he heard of
the indictment he supposed it referred to these games,.
and knowing that he was guilty, pleaded guilty." In
the concluding argument the State's solicitor said:
"Now, gentlemen of the jury, that is the charge he
pleaded guilty to, of gaming at the time fixed in this.
indictment." Defendant's counsel objected to this as in-
correct and improper argument, and requested the court
to stop the solicitor, and to instruct the jury "that the
defendant, in pleading guilty on February 5th, 1894,.
pleaded guilty to all offenses within two years prior to

January 25th, 1894." The court thereupon remarked, in the hearing of the jury, that the effect of the plea of guilty was to bar all prosecutions for gaming prior to that time, and that the jury could not consider any evidence of gaming before January 25th, 1894, and the jury would be so instructed in the charge. The court did instruct the jury in the charge, thus: "In considering this case you cannot go back of Jany. 25th, 1894, the time the grand jury found a true bill against this defendant for gaming, he having entered a plea of guilty on February 5th, 1894. This plea of guilty is a bar to all prosecution for the violation of the law against gaming, to Jany. 25th, 1894; and if you convict the defendant at all, it must be on evidence that proves a violation of the law since Jany. 25th, 1894." It was contended that the court erred in refusing to stop the solicitor and correct his statement in the manner requested by defendant's counsel; and a new trial was asked on this ground, and on the further ground that the verdict was contrary to law and evidence.

W. T. MOYERS and L. P. SKEEN, for plaintiff in error.
LEWIS W. THOMAS, solicitor, contra.